Hvman, C. J.
In this suit Sophia Peters, in her capacity of tutrix of the minors, Henry Martin, Charles, Catharine, John and Baraba Peters, opposed the sale of a lot of ground in the city of New Orleans, seized on the 21st of September, 1865, as her property, by authority of executions on judgments in cases of T. Peter Burger v. Sophia Peters, and Maria C. Fralinghouse v. Sophia Peters, on the ground that the lots belonged to said minors.
She claimed that they derived it from the succession of Antoine Peters, their deceased ancestor.
She prayed that the lot might be released from seizure; that her apportion might be sustained, and that should the sheriff make a sale of the lot, the sale might be declared null and void. She further prayed for general relief.
The defendants filed the exception, res judicata.
The District Judge sustained the exception, and dismissed the suit.
Plaintiff has appealed.
The defendants introduced in evidence the record of the suit of Sophia Peters v. A. Shaw, Sheriff et al., to sustain the exception.
The record of this suit shows that the defendants, on their judgments, in the above cases against Sophia Peters, had executions issued in April, 1864, and caused the lot to be seized as her property, when she, as the administratrix of the succession of Antoine Peters, deceased, made opposition to its seizure on the ground that it belonged to the said succession, obtained a writ of injunction, prohibiting the defendants.from selling the lot, and asked that it be decreed to belong to said succession; that on the 28th day of May, 1864, the injunction was dissolved, on motion of *86 defendants'; that subsequently to the dissolution of the injunction a judgment by default was taken against defendants, and that on the 11th day of January, 1865, a definitive judgment was regularly rendered against them, decreeing the lot to be the property of the estate of Antoine Peters, cjeceased.
No appeals were taken from these judgments.
The defendants rely on the judgment, dissolving the injunction as forming res judicata in relation to the property in controversy.
The injunction was a mere conservatory writ, obtained to prevent the sale of the lot during the pendency of the suit.
The dissolving of the same settled no question as to the right or title to the property in contestation.
The causing of the seizure of the lot by defendants on 2lst of September, 1865, under these executions, was, if the allegations of plaintiff are true, an indirect attempt by the process of a court to destroy the adjudged right to a thing in a former suit between the same parties, in the intendment of law, and founded in the same cause of action.
Lét the judgment of the District Court sustaining defendants’ exception and dismissing the suit, be annulled, avoided and reversed. Let the exception be overruled, and let the case be remanded to the lower Court, to be proceeded with according to law, defendants to pay the cost of this appeal.